IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MICHAEL ANDREW HARRINGTON,<br><br>*Plaintiff*,<br><br>v.<br><br>ART INSTITUTES INTERNATIONAL LLC, ART INSTITUTE OF HOUSTON LLC, DC ART INSTITUTE OF HOUSTON, LLC, & STUDIO ENTERPRISE LLC,<br><br>*Defendants*. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:20-cv-02445 |

## JOINT REPORT UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE

NOW COME Relator Michael Andrew Harrington ("**Relator**") and Defendants The Arts

Institutes International, LLC ("**Defendant Ai**") and Art Institute of Houston, LLC dba DC Art

Institute of Houston, LLC ("**Defendant Ai Houston**"), and submit this Joint Report under Rule

26(f) of the Federal Rules of Civil Procedure, as follows:

1.      **Where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identity of the counsel who attended for each party:**

Counsel for Relator and Defendants Ai and Ai Houston conferred by telephone on

November 30, 2020.  The parties were represented in that conference as follows:

| For Relator: | For Defendants Ai and Ai Houston: |
|---|---|
| Allison Sarah Hartry<br>Texas Bar No. 24083149<br>THE MORALES FIRM, P.C.<br>6243 IH-10 West, Suite 132<br>San Antonio, TX 78201<br>Telephone: (210) 225-0811<br>Facsimile: (210) 225-0821<br>ahartry@themoralesfirm.com | Theanna Bezney<br>Texas Bar No. 24089243<br>FISHER & PHILLIPS LLP<br>500 N. Akard Street, Suite 3550<br>Dallas, TX  75201<br>Tel: (214) 220-9100<br>Fax: (214) 220-9122<br>tbezney@fisherphillips.com |

Defendant Studio Enterprise LLC has not yet entered an appearance in this case.  Therefore, counsel for Defendant Studio Enterprise LLC could not be contacted for conference at this time.

**2.      The nature and basis of the parties' claims and defenses:**

*Relator*:

Relator states that this is a civil action for damages and civil penalties pursuant to the False Claims Act. Defendants knowingly requested and received at least $2 million dollars in Title IV financial aid funds from the United States Department of Education for students who never enrolled. When Relator raised his concerns to his supervisor, Director of Operations Byron Chung, Chung immediately terminated him. Ai and Ai Houston received, and are believed to still receive, funds by falsifying records submitted to the federal government, refusing to return the money, and taking out loans in the name of students who have no intention of enrolling at Ai Houston.

*Defendant Ai:*

Defendant Ai denies that it ever knowingly presented, or caused to be presented, to the U.S. Government a false claim, as that term is defined by the False Claims Act, 31 U.S.C. § 3729 *et seq.* (the "**FCA**").  Defendant Ai further denies that it knowingly made, used, or caused to be made or used, a false record or statement material to a false claim, as that term is defined by the FCA. Defendant Ai further denies that it ever received any Title IV funds from the U.S. Government.

Defendant Ai denies that it breached the terms of a Consent Judgment with the U.S. Government as alleged in the Complaint.

Defendant Ai denies that it ever employed Relator, or that it was involved any decision with respect to the terms and conditions of Relator's employment with Ai Houston, including but not limited to the decision to terminate such employment.

Defendant Ai further denies that it ever instructed Relator to commit an illegal act.

*Defendant Ai Houston*:

Defendant Ai Houston denies that it ever knowingly presented, or caused to be presented, to the U.S. Government a false claim, as that term is defined by the FCA.  Defendant Ai Houston further denies that it knowingly made, used, or caused to be made or used, a false record or statement material to a false claim, as that term is defined by the FCA.  Defendant Ai Houston further denies that it knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government.

Defendant Ai Houston denies that it ever fraudulently induced any potential student to execute loan applications, and further denies that it ever withdrew loans in a prospective or actual student's name without his or her knowledge and approval.

Defendant Ai Houston denies that it breached the terms of a Consent Judgment with the U.S. Government as alleged in the Complaint.

Defendant Ai Houston states that it terminated Relator's employment because he, without authorization, used his access to confidential student data to send an email to former Art Institutes students, in violation of company policy.  Defendant Ai Houston denies that it discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against Relator in the terms and conditions of his employment because he (i) engaged in lawful acts in furtherance

of an action under the FCA, (ii) engaged in any other efforts to stop a violation of the FCA, or (iii) refused to commit an illegal act.  Defendant Ai Houston further denies Relator ever engaged in any efforts or acts protected by the FCA.  Defendant Ai Houston further denies that it ever instructed Relator to commit an illegal act.

**3.      The possibilities for promptly settling or resolving the case:**

The parties anticipate that initial written discovery and at least one deposition per party will be required before they can engage in meaningful settlement negotiations.

**4.       The parties' proposed discovery plan:**

    a.      What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

The parties will produce their Rule 26(a) disclosures on or before January 29, 2021.  The parties do not require any changes to the timing or form of such disclosures.

    b.      The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

The parties anticipate discovery will be needed as to both liability and damages.  The parties agree that all discovery shall be completed by July 30, 2021, and should not be conducted in phases or limited to or focused on particular issues.

    c.      Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

No issues have been identified at this time.

    d.      Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

No issues have been identified at this time.

e.       What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

No changes or additional limitations are requested at this time.

f.       Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

No additional orders are requested at this time.


Respectfully submitted this 7th day of December, 2020.



/s/ Allison Sarah Hartry
Lawrence Morales II
Texas Bar No. 24051077
lawrence@themoralesfirm.com
Allison Sarah Hartry
State Bar No. 24083149
ahartry@themoralesfirm.com
**THE MORALES FIRM, P.C.**
6243 IH-10 West, Suite 132
San Antonio, Texas 78201
Telephone: (210) 225-0811
Facsimile: (210) 225-0821

**COUNSEL FOR RELATOR**
**MICHAEL ANDREW HARRINGTON**

/s/ Arthur V. Lambert
Arthur V. Lambert
Texas Bar No. 11841250
Federal Bar No. 18785
ATTORNEY-IN-CHARGE
Theanna Bezney
Texas Bar No. 24089243
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, TX  75201
Tel: (214) 220-9100
Fax: (214) 220-9122
alambert@fisherphillips.com
tbezney@fisherphillips.com

**COUNSEL FOR DEFENDANTS**
**THE ARTS INSTITUTES**
**INTERNATIONAL, LLC and ART**
**INSTITUTE OF HOUSTON, LLC dba DC**
**ART INSTITUTE OF HOUSTON, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7, 2020, a copy of this instrument was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Theanna Bezney*
Theanna Bezney