IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA ex rel.** | § | |
| **MICHAEL ANDREW HARRINGTON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:20-cv-02445 |
| | § | |
| **ART INSTITUTES INTERNATIONAL** | § | |
| **LLC, ART INSTITUTE OF HOUSTON** | § | |
| **LLC, DC ART INSTITUTE OF** | § | |
| **HOUSTON, LLC, & STUDIO** | § | |
| **ENTERPRISE LLC,** | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS THE ARTS INSTITUTES INTERNATIONAL, LLC
AND THE ART INSTITUTE OF HOUSTON, LLC'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND FOR INITIAL
PRETRIAL CONFERENCE**

NOW COME Defendants The Arts Institutes International, LLC ("**Ai Int'l**") and The Art Institute of Houston, LLC dba DC Art Institute of Houston, LLC (incorrectly named in the Amended Complaint as two separate entities) ("**Ai Houston**") (together, "**Movants**") and file this Reply in Support of Motion for Leave to Conduct Limited Discovery and for an Initial Pretrial Conference [Doc. #57] ("**Motion**").

In his Response to the Motion [Doc. #58] ("**Response**"), Plaintiff Michael Andrew Harrington ("**Plaintiff**") objects to Movants' request for leave to depose Byron Chung ("**Chung**") because Movants previously objected to Plaintiff's attempts to engage in discovery outside the discovery period and without leave of Court. Resp. p. 2. Plaintiff further complains that Movants "only want to re-open discovery to do the discovery it wants to do, while limiting Plaintiff." *Id.* at p. 4. Yet that was *precisely* what Plaintiff did when he requested during the parties' May 4,

2021, hearing with this Court that the discovery period in this case be re-opened for him to seek Chung's deposition. *See* Order [Doc. #39]. Plaintiff was granted that opportunity. *Id.*

Plaintiff also claims Movants "made every attempt possible to stonewall Plaintiff from getting testimony from Chung," which is patently false. *Id.*[1] Although Ai Houston declined to produce Chung's last known personal cell phone number for privacy reasons, it did produce his business telephone number, last known address, and his personal email address. The Rules require the production of **a** telephone number, which Ai Houston produced, not a personal cell phone number. *See* FED. R. CIV. P. 26(a)(1)(A)(i). The Rules do **not** require the production of a witness's email address, yet Ai Houston nevertheless produced it. *See id.* The address provided for Chung was also clearly an effective way to reach him, as he was personally served (according to Plaintiff) at that address with Plaintiff's two deposition notices.

Movants only ever took issue with the *method* by which Plaintiff attempted to secure Chung's deposition, *i.e.,* (i) without localizing the subpoena in California where the witness lives and works, (ii) for a deposition date to occur after the close of discovery, and (iii) without conferring whatsoever with Movants' counsel regarding availability for the noticed deposition dates. Contrary to Plaintiff's conclusory allegations in his Response that Movants took "no efforts" to depose Chung, when Plaintiff unilaterally re-issued the same ineffective notice and subpoena to Chung, Movants' counsel cleared her schedule to attend the second deposition with very short notice[2] and was prepared to ask questions on Movants' behalf, though Chung did not appear. By

---

[1] Plaintiff also alleges Movants "did not [previously] want Chung deposed, strategically, so that his testimony could not be used by Plaintiff at the summary judgment stage." Resp. p. 2. Yet he offers no speculation or assumptions about why, if Movants truly believed Chung's deposition testimony would be harmful to their defenses or would benefit Plaintiff, they would seek to obtain his testimony now.

[2] Plaintiff's counsel advised Movants' counsel on June 17, 2021, that "Byron Chung was successfully served. The depo will take place at [sic] June 29, 2021 at 11am central time via Zoom." Prior to that correspondence, Plaintiff's counsel had not conferred regarding the date, time, or place for the deposition, nor did counsel ever indicate prior to the date of service that the subpoena duces tecum had even been issued, in violation of FED. R. CIV. P. 45(a)(4).

Plaintiff's argument, he would have every party in a litigation individually subpoena the same third-party witness after the witness has already been noticed to testify by another party. The Rules cannot be read to require such duplicative, harassing conduct.

Finally, Plaintiff argues that if Movants are given leave to attempt to depose Chung, Plaintiff should also be permitted leave to conduct the unfettered and unidentified "discovery he wishes to do," which apparently includes "additional depositions as well as… written discovery requests." Resp. pp. 4, 6. To determine whether there is good cause to reopen discovery, courts consider four factors: "(1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice." *Hernandez v. Mario's Auto Sales, Inc*., 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)). Unlike the delay in securing Chung's deposition caused by Plaintiff's repeated improper attempts to subpoena him, Plaintiff offers no explanation regarding his delay in conducting the additional discovery he now seeks. Plaintiff has already deposed six different witnesses in this case and was provided many months to engage in written discovery, and he presents no argument regarding the importance of the additional, unidentified "discovery he wishes to do." Plainly stated, Plaintiff has provided no good cause to reopen full discovery on this case, which has now been pending for more than two years.

In short, Movants only ask that they be permitted leave to secure the deposition testimony which Plaintiff (i) argued during the May 4, 2021 telephonic hearing was necessary to this case, and (ii) has twice tried, and failed, to secure. No trial date has been set, there are no pending deadlines in this case, and Plaintiff has not shown any prejudice to him in connection with Movants' limited, targeted request.

For these reasons, Movants respectfully request leave of this Court to depose Byron Chung, and request such other and further relief, in law or in equity, to which they may chow themselves justly entitled.

Respectfully submitted,

*/s/ Arthur V. Lambert*
Arthur V. Lambert
Texas State Bar No. 11841250
Federal Bar No. 18785
Theanna Bezney
Texas State Bar No. 24089243
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, TX 75201
Tel: (214) 220-9100
Fax: (214) 220-9122
*alambert@fisherphillips.com*
*tbezney@fisherphillips.com*

**COUNSEL FOR DEFENDANTS THE ARTS INSTITUTES INTERNATIONAL, LLC and THE ART INSTITUTE OF HOUSTON, LLC dba DC ART INSTITUTE OF HOUSTON, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2022, a copy of this instrument was filed electronically through the Court's CM/ECF System, which will send notice of this filing by email to all parties of record.

*/s/ Theanna Bezney*
Theanna Bezney